TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00324-CR

Harold Urdy, Jr., Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 0960240, HONORABLE FRED A. MOORE, JUDGE PRESIDING

PER CURIAM

Appellant pleaded guilty and judicially confessed to robbery. Tex. Penal Code Ann. §
29.02 (West 1994). He also pleaded true to an enhancement allegation. The district court found appellant
guilty and assessed punishment at imprisonment for forty years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief. By his first pro se point of error, appellant contends the
district court erred by admitting in evidence three photographs that appellant argues were evidence of an
extraneous offense. Because no objection was voiced to the admission of these exhibits, the alleged error
was not preserved for review. Tex. R. App. P. 52(a). Pro se point of error one is overruled.

Appellant's second pro se point of error complains of ineffective assistance by trial counsel. 
Appellant's brief states that his trial attorney told him that if he would plead guilty, he would receive a
probated sentence or, at the most, a ten-year term of imprisonment. He also complains that counsel failed
to object to the photographs discussed in point one. Finally, he urges that trial counsel abandoned him on
appeal.

There is no evidence as to what, if anything, counsel told appellant before trial. The record
reflects, however, that appellant was fully admonished regarding the range of punishment and understood
that no plea bargain existed. Absent evidence to the contrary, we must presume that counsel's failure to
object to the admission of the photographs was a reasonable exercise of professional judgment. Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). While trial counsel was originally appointed to
handle the appeal, he was later permitted to withdraw and substitute counsel was appointed. On this
record, appellant's ineffective assistance of counsel claim cannot be sustained. Pro se point of error two
is overruled.

The judgment of conviction is amended to delete the statement that the guilty plea was the
result of a plea bargain. As reformed, the judgment is affirmed.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reformed and, as Reformed, Affirmed

Filed: July 24, 1997

Do Not Publish